UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 9, 2017

LETTER TO COUNSEL

RE: *Carmen Huamani v. Commissioner, Social Security Administration*;
Civil No. SAG-16-3622

Dear Counsel:

On November 3, 2016, Plaintiff Carmen Huamani petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and the related supplemental filings. (ECF Nos. 17, 19, 20, 21). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). The Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Huamani filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on August 29, 2012, alleging a disability onset date of August 1, 2010. (Tr. 253-65). Her claims were denied initially and on reconsideration. (Tr. 71-82, 84-95, 97-110). Hearings were held on October 27, 2014 and February 25, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 39-69). Following those hearings, the ALJ determined that Ms. Huamani was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17-38). The Appeals Council ("AC") denied Ms. Huamani's request for further review, (Tr. 1-8), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Huamani suffered from the severe impairments of epilepsy, obesity, psychotic disorder NOS, depression, and anxiety. (Tr. 22). Despite these impairments, the ALJ determined that Ms. Huamani retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: can never climb ladders, ropes, or scaffolds; should avoid all exposure to hazards such as dangerous moving machinery and unprotected heights; is limited to carrying out simple instructions and routine repetitive tasks; can have only occasional interaction with supervisors, coworkers, and the public, in positions where there would be little to no change in the work setting from day to day, and where the claimant would not have to set goals or make plans independently; and the claimant is illiterate in English.

(Tr. 25). The ALJ determined that Ms. Huamani could perform her past relevant work as a hospital cleaner and laundry worker and that, therefore, she was not disabled. (Tr. 31-32).

Ms. Huamani makes several arguments on appeal, including: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (2) that the ALJ did not adequately consider her epilepsy in finding that she could perform a full range of work at all exertional levels; (3) that the ALJ erred in evaluating the opinions of her treating physicians; (4) that the ALJ failed to order the consultative examinations recommended by the non-examining State agency physicians; (5) that the ALJ erred in evaluating her credibility; and (6) that the ALJ's opinion contradicts a subsequent award of SSI benefits. Although some of Ms. Huamani's arguments are less successful, I agree that *Mascio* requires remand of her case for further explanation. In ordering remand, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Huamani is not entitled to benefits during the period predating her subsequent award is correct or incorrect.

Beginning with the successful argument, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Mascio*, 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. at § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate

completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found that Ms. Huamani had moderate difficulties in concentration, persistence, or pace. (Tr. 24). The entirety of the analysis states, "The claimant reported that she needed to be reminded when following written instructions. On exam of January 17, 2013, the claimant obtained a score of 30/30 on mini mental status examination." *Id.* (internal citations omitted). According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The

> decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Ms. Huamani's case fails to fulfill these requirements. Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Huamani to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict her RFC to "simple instructions and routine repetitive tasks." (Tr. 25). Indeed, the ALJ's analysis entirely fails to address Ms. Huamani's ability to sustain work over an eight-hour workday. This is not a case, like *Williams v. Comm'r, Social Sec. Admin.*, No. Civ. SAG-14-2900 (D. Md. June 25, 2015), where the ALJ expressly used "concentration, persistence, or pace" to account for a claimant's intellectual difficulty in following complex instructions. Instead, here, the ALJ offered no plausible explanation for finding "moderate difficulties," and cited, but did not address, a treatment note from October, 2012 suggesting that Ms. Huamani "was noted to have poor concentration." (Tr. 27). Particularly in light of that evidence, the ALJ is required to provide sufficient explanation for his assessment. Accordingly, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

The remainder of Ms. Huamani's arguments do not independently necessitate remand. Although Ms. Huamani argues that her epilepsy would preclude her from a full range of work at all exertional levels since she could possibly have a seizure while carrying 50-100 pounds, there is no suggestion that her past relevant work required that level of exertion. Although the non-examining State agency physicians suggested that Ms. Huamani undergo a consultative examination, (Tr. 73, 86, 100), an ALJ need not order such an examination if other evidence suffices to permit evaluation of the claim. Moreover, the ALJ provided substantial evidence to support his evaluation of the opinions from each of Ms. Huamani's treating physicians, (Tr. 29-30), and premised his adverse credibility finding on both objective evidence and statements made by Ms. Huamani herself. (Tr. 27-29). Finally, absent further information suggesting some correlation, the timing of Ms. Huamani's subsequent award of benefits, finding her disabled more than one year after the ALJ's opinion, does not constitute "new and material evidence." However, since the case is being remanded on other grounds, the ALJ can address any of these matters more fully if appropriate.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                              Sincerely yours,

                              /s/

                              Stephanie A. Gallagher
                              United States Magistrate Judge